UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Stacey L. Mullen, Esquire
2091 N. Springdale Road
Suite 17
Cherry Hill, NJ 08003
(856) 778-8677
By: Stacey L. Mullen, Esquire (SM5598)

Order Filed on February 27, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
    Kevin Stelmach

Case No.: ___17-26909__

Judge: ____ABA__

Chapter: 13

## ORDER TO EMPLOYER TO PAY THE TRUSTEE

    The relief set forth on the following pages, numbered two (2) through (3) is hereby ORDERED.

**DATED: February 27, 2020**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2
In re: Kevin Stelmach
Case No.: 17-26909
Caption of Order: Order to Employer to Pay the Trustee

_____

The above-named debtor has filed a proceeding under Chapter 13 of the Title 11 of the United States Code. The debtor's future earnings have been submitted to the jurisdiction of this Court, in furtherance of the debtor's Chapter 13 plan.

NOW, THEREFORE, pursuant to 11 U.S.C. Section 1325(C) and Section 105, IT IS ORDERED that, until further order of this Court, the employer or other party providing income to said debtor shall deduct from the earnings or income of said debtor the following sums each pay period, beginning on the next pay day following receipt of this order, and shall deduct the same amount for each pay period thereafter, including any period for which the debtor receives periodic or lump sum payment for or on account of vacation, termination or other benefits, arising out of present or past Standing Trustee and/or Debtor's mortgagee.

|  |  |
|---|---|
| Debtor's Employer and Address: | Julius Silvert<br>Attn: Ms. Sharon Lawson, HR Director<br>231 E. Luzerne Street<br>Philadelphia, PA 19124 |
| Trustee to Whom Payments must be forwarded: | Isabel C. Balboa, Esquire<br>P.O. Box 1978<br>Memphis, TN 38101 |
| Amount to be Deducted and paid per Pay Period to Trustee<br>Monthly__ Bi-Weekly_X_ Weekly__ | $1,550.00 per bi-weekly pay |

IT IS FURTHER ORDERED that the employer or other party making payments shall note the debtor's name and bankruptcy case number on the checks to the Trustee or Mortgagee.

IT IS FURTHER ORDERED that said employer or other party shall notify said Trustee and mortgagee(s) if the earnings or income of said debtor are terminated, and the reasons for such termination.

IT IS FURTHER ORDERED that all earnings and wages of the debtor, except the amounts required to be withheld by the provisions of any laws of the United States, the laws of any State or political subdivision, or by any insurance, pension or union dues agreement between employer and the debtor, or by the order of this court, shall be paid to the debtor in accordance with employer's usual payroll procedure.

Page 3
In re: Kevin Stelmach
Case No.: 17-26909
Caption of Order: Order to Employer to Pay the Trustee

---

      IT IS FURTHER ORDERED that no deduction for or on account of any garnishment, wage assignment, credit union or other purpose not specifically authorized by this Court shall be made from the earnings of said debtor.

      IT IS FURTHER ORDERED that an order dismissing the debtor's bankruptcy case shall constitute a termination of the requirement to make payments under this order.

      IT IS FURTHER ORDERED that this order supersedes previous orders, if any, made to subject employer or other party in this case.

      IT IS FURTHER ORDERED that the attorney for the debtor shall serve copies of this order on the employer or other party, the Trustee, and the mortgagee(s) within five days.


**IT IS A VIOLATION OF <u>15 U.S.C. SECTION 1674</u> AND N.J.S.A. 2A:170-90.4 FOR AN EMPLOYER TO DISCHARGE AN EMPLOYEE OR TAKE ANY OTHER DISCIPLINARY ACTION BECAUSE OF A WAGE GARNISHMENT.  AN EMPLOYER VIOLATING SAID STATUTES IS SUBJECT TO FINES AND IMPRISONMENT.**


Local Form 17; Revised May 23, 2002